Joseph L. Oliva, Esq. (SBN 113889)
oliva@olivafirm.com
Matthew R. Toothacre, Esq. (SBN 330298)
mtoothacre@olivafirm.com
**JOSEPH OLIVA & ASSOCIATES, P.C.**
11956 Bernardo Plaza Dr. #532
San Diego, CA 92128
Phone (858) 304-7400

Attorneys for Plaintiff,
NEW BEACH FRONT WATERFORD DOVER JV, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| NEW BEACH FRONT WATERFORD DOVER JV, LLC, a Delaware Limited Liability Company;<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut Corporation;<br><br>Defendant. | Case No.: 8:26-CV-1169<br><br>**NEW BEACH FRONT WATERFORD DOVER JV, LLC'S COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT-FAILURE TO DEFEND**<br>2. **BREACH OF CONTRACT-FAILURE TO SETTLE / INDEMNIFY**<br>3. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING-FAILURE TO DEFEND**<br>4. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING-FAILURE TO SETTLE / INDEMNIFY**<br>5. **DECLARATORY RELIEF**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff, NEW BEACH FRONT WATERFORD DOVER JV, LLC, a Delaware Limited Liability Company, alleges causes of action against THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut Corporation, as follows:

/ / /

/ / /

## THE PARTIES

1.     Plaintiff, NEW BEACH FRONT WATERFORD DOVER JV, LLC ("Plaintiff" or "New Beach Front") is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of Delaware. Plaintiff is informed and believes, and thereon alleges, that each of its members is, and at all relevant times was, a citizen of the State of California. Plaintiff is therefore a citizen of California for purposes of 28 U.S.C. section 1332.

2.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant to the subject matter of this litigation, defendant THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("Travelers" or "Defendant") was and is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Travelers is therefore a citizen of Connecticut for purposes of 28 U.S.C. section 1332.

3.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Travelers was and is admitted to do business as an insurer under the laws of the State of California and issued the policy at issue in this litigation in California insuring California risks and operations.

## JURISDICTION

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332 in that this is a civil action between citizens of different states and the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000.

5.     Venue is proper in this Court pursuant to 28 U.S.C. section 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, the insurance policy at issue insured risks located in California, the policy at issue was delivered in California, the underlying liability

action arose in California, and Defendant's wrongful acts and omissions caused injury to Plaintiff in this District.

6.     This is an action for declaratory relief pursuant to 28 U.S.C. section 2201 for purposes of determining an actual controversy between the parties concerning their respective rights and obligations under the Travelers policy at issue herein.

## INTRODUCTION

7.     This action arises from the wrongful and unjustified refusal of Travelers to honor its contractual and legal obligations to its insured, New Beach Front. New Beach Front was sued in connection with claims arising out of the alleged habitability, safety, and occupancy conditions of a residential apartment property it acquired in or around December 2018. The claims asserted against New Beach Front, and the related cross-claims later asserted against it, at minimum potentially fall within the liability and personal injury coverages Travelers issued to New Beach Front under the policy at issue in this action.

8.     Notwithstanding the broad duty to defend imposed by California law, and notwithstanding allegations and known facts establishing at minimum a potential for coverage, Travelers categorically and wrongfully denied any obligation to defend or indemnify New Beach Front. Travelers' denial improperly attempted to reduce the underlying matter to a mold, fungi, bacteria, or asbestos case while ignoring the operative allegations that New Beach Front, after acquiring the property during the Travelers policy period, allegedly engaged in independent conduct giving rise to liability, including negligent maintenance, inadequate repairs, and failure to remedy unsafe and uninhabitable conditions leading to repeated water intrusion, as well as wrongful interference with tenancy, nuisance, constructive eviction, and invasion of the right of private occupancy.

9.     The underlying litigation, entitled *Marcia Mohler v. Olson Multifamily Communities, LLC, et al.*, pending in Orange County Superior Court

under Case No. 30-2020-01169548-CU-BC-CJC (the "Underlying Action"), asserts claims for breach of implied warranty of habitability, nuisance, breach of contract, negligence, fraud, negligent misrepresentation, intentional infliction of emotional distress, constructive eviction, and retaliatory eviction arising out of the alleged condition of the subject apartment units and the conduct of the owners and managers of the property. The prior owner, Olson Multifamily Communities, LLC and/or related entities ("OMC"), also filed a related cross-complaint against New Beach Front seeking indemnity, contribution, apportionment, and related relief, thereby exposing New Beach Front to substantial liability and defense costs. The Underlying Action alleges that the uninhabitable conditions of the property interfered with the right to occupancy, triggering coverage for both bodily injury/pain and suffering, as well as the personal injury coverage of the policy based on wrongful eviction, wrongful entry, nuisance, constructive eviction, and invasion of plaintiff's right of private occupancy.

10.     Despite timely notice of the Underlying Action and the OMC cross-complaint, Travelers refused to accept the tender, failed to provide a defense under a reservation of rights, and failed to reimburse any of the defense fees and costs New Beach Front was forced to incur to protect itself. Travelers' denial was wrongful because the Underlying Action and the OMC cross-complaint plainly alleged facts giving rise to at minimum a potential for coverage under both the bodily injury/property damage and personal injury provisions of the Travelers policy. New Beach Front was forced to fund its own defense in the Underlying Action.

11.     Travelers also failed to protect its insured when, during the pendency of the Underlying Action, plaintiff Marcia Mohler made a time-limited settlement demand dated March 23, 2026. At the time of receipt of the time-limited settlement demand, and based on a reasonable and objective investigation and evaluation, there was sufficient facts giving rise to the potential of liability that warranted

settlement well within the policy limits of Travelers. Furthermore, the demand presented a reasonable opportunity to resolve all claims asserted against New Beach Front within policy limits. Travelers nonetheless unreasonably failed and refused to accept coverage, provide a defense, reimburse defense costs, or fund settlement, thereby exposing New Beach Front to avoidable defense expense, settlement exposure, and consequential harm.

12.   New Beach Front brings this action to recover compensatory and consequential damages arising from Travelers' breaches of contract and tortious bad faith, including but not limited to the cost of defending itself in the Underlying Action and the OMC cross-complaint commencing from the date of the respective tenders, the loss of policy benefits, settlement and indemnity exposure, and all other damages according to proof. New Beach Front also seeks a judicial declaration confirming Travelers' duties to defend, reimburse, indemnify, and reasonably settle the claims asserted against its insured.

## BACKGROUND FACTS

13.   New Beach Front is the owner of residential rental property in California, including the apartment property that is the subject of the underlying lawsuit described herein.

14.   On or about December 14, 2018, New Beach Front acquired the apartment property at issue and thereafter assumed responsibility for the ownership, maintenance, repair, management, and operation of the premises.

15.   Travelers issued Apartment PAC Policy No. 680-8M746032-18-42 to New Beach Front for the policy period December 14, 2018 through December 14, 2019 (the "Policy"). A true and accurate copy of the policy is attached hereto as **"Exhibit A."**

16.   The Policy is an occurrence-based liability policy that, among other things, provides coverage for "bodily injury" and "property damage" caused by an

"occurrence," and further provides that Travelers has the right and duty to defend New Beach Front against any "suit" seeking such damages.

17.     The Policy also provides personal and advertising injury liability coverage, including coverage for "wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor."

18.     During the relevant period, New Beach Front relied upon the Policy to provide defense and indemnity in the event of third-party claims arising out of the ownership, maintenance, management, and operation of the insured premises.

19.     On or about 2020, plaintiff Marcia Mohler filed an action in Orange County Superior Court entitled *Marcia Mohler v. Olson Multifamily Communities, LLC, et al.*, Case No. 30-2020-01169548-CU-BC-CJC (the "Underlying Action"), arising out of the alleged condition of the apartment units and related conduct of the owners and managers of the property.

20.     The operative pleading in the Underlying Action is Mohler's Second Amended Complaint (the "SAC"), which alleges, among other things, that after New Beach Front acquired the property in or around December 2018, New Beach Front and/or its property manager assumed responsibility for the premises and thereafter engaged in independent acts and omissions giving rise to liability. A true and accurate copy of the SAC is attached hereto as **"Exhibit B."**

21.     Specifically, the SAC alleges that after acquisition of the property, New Beach Front and/or its agents failed to adequately maintain and repair the premises, performed inadequate and cosmetic repairs, failed to remedy unsafe and allegedly uninhabitable conditions, continued collecting rent while the premises were allegedly uninhabitable, made misrepresentations regarding the safety and habitability of the premises, relocated Mohler from one allegedly unsafe unit to another, and otherwise interfered with her tenancy and occupancy.

22.    The SAC asserts causes of action against New Beach Front and others for, among other things, breach of implied warranty of habitability, nuisance, breach of contract, negligence, fraud, negligent misrepresentation, intentional infliction of emotional distress, constructive eviction, and retaliatory eviction.

23.    Mohler alleges conditions existing in the tenancy, including but not limited to repeated plumbing leaks causing damp, wet, humid, and generally uninhabitable conditions, and such conditions caused Mohler general pain and suffering, including emotional distress, fear, anxiety, discomfort, annoyance, and further such conditions interfered with Mohler's right to occupancy and that the failure of New Beach Front to remedy, rectify, and restore the conditions resulted in a constructive eviction and interference with her right to occupancy and quiet enjoyment. As such, Mohler alleges bodily injury, property damage, contamination, damage to personal property, pain and suffering, emotional distress, annoyance, discomfort, inconvenience, loss of use, and interference with her use, enjoyment, and right of occupancy of the premises. The bodily injury, property damage, and personal injury constitute an occurrence triggering Travelers' Policy.

24.    The SAC also alleges facts and theories that, at minimum, potentially trigger the personal injury provisions of the Policy, including allegations of nuisance, wrongful interference with tenancy, constructive eviction, wrongful entry, wrongful eviction, and invasion of the right of private occupancy.

25.    In addition to the claims asserted directly by Mohler, the prior owner, Olson Multifamily Communities, LLC and/or related entities ("OMC"), filed a related cross-complaint against New Beach Front arising out of the same alleged occurrences, injuries, damages, and property conditions at issue in the Underlying Action. The OMC cross-complaint is attached hereto as **"Exhibit C."**

26.    The OMC cross-complaint sought, among other things, equitable indemnity, contribution, apportionment, declaratory relief, and related relief, and sought to shift or allocate liability to New Beach Front for the same alleged

nucleus of facts, transaction, and occurrence as set forth in the Underlying Action resulting in claims for bodily injury, property damage, nuisance, habitability, occupancy-related, and other damages asserted in the Underlying Action.

27.    Following service of the Underlying Action and the OMC cross-complaint, New Beach Front timely tendered defense and indemnity to Travelers.

28.    Through the tender process, Travelers received notice of the claims, the operative allegations, and facts establishing that the claims against New Beach Front arose, at least in part, from alleged acts, omissions, conditions, injuries, and damages occurring during the Travelers policy period.

29.    Travelers was therefore aware, or at minimum should have been aware, that the Underlying Action and OMC cross-complaint were intertwined, arose out of the same facts, and presented at least a potential for coverage under the Policy.

30.    Notwithstanding the broad duty to defend imposed by California law, Travelers unreasonably denied any duty to defend and/or indemnify New Beach Front with respect to the Underlying Action and the OMC cross-complaint notwithstanding allegations of repeated water leaks due to constant plumbing failures, rendering the unit uninhabitable, as such both the bodily injury coverage was triggered as well as the personal injury section given the uninhabitable conditions giving rise to claims for wrongful eviction, wrongful entry, nuisance, constructive eviction, and invasion of plaintiff's right of private occupancy. True and accurate copies of Travelers' denials of coverage dated May 24, 2021, June 30, 2021, and February 9, 2022, are attached as **Exhibits D, E, and F,** respectively.

31.    Travelers' denial improperly attempted to characterize the entire Underlying Action as involving solely and exclusively mold, fungi, bacteria, asbestos, or otherwise excluded conditions, while ignoring the independent allegations of dangerous and defective property conditions, uninhabitable conditions, repeated leaks and water intrusion, plumbing failures, deterioration,

negligent maintenance, inadequate repairs, nuisance, constructive eviction, wrongful interference with occupancy, and other covered or potentially covered conduct and damages.

32. Travelers further failed to meaningfully and reasonably evaluate its coverage duties, rights, and obligations by ignoring claims in the Underlying of wrongful eviction, wrongful entry, nuisance, constructive eviction, and invasion of the right of private occupancy arising from repeated leaks and plumbing failures, which is covered under the personal injury section of the Policy.

33. At all relevant times, Travelers had the ability to accept the defense of New Beach Front under a reservation of rights while investigating and preserving any coverage positions it believed might later be implicated. Travelers failed and refused to do so.

34. Instead, Travelers wrongfully refused to provide a defense and forced New Beach Front to retain counsel and defend itself at its own expense in the Underlying Action and the OMC cross-complaint.

35. As a direct result of Travelers' refusal to defend, New Beach Front has incurred and continues to incur substantial attorneys' fees, litigation costs, and other defense expenses while the Underlying Action remains ongoing.

36. Travelers has failed and refused to reimburse any past accrued defense fees and costs from the date of tender forward and has further failed to prospectively provide a full and complete defense until conclusion of the Underlying Action.

37. During the pendency of the Underlying Action, plaintiff Mohler made a time-limited settlement demand dated March 23, 2026.

38. That settlement demand presented a reasonable opportunity to resolve the claims asserted against New Beach Front within policy limits and protect New Beach Front from further defense expense and liability exposure. Based on the facts and circumstances giving rise to New Beach Front's liability, under the terms

and conditions of the Policy, as construed under California law, Travelers had the duty to settle the matter based on the circumstances provided and based on the evaluation of defense counsel retained to protect the legal and financial interests of New Beach Front. By Travelers ignoring defense counsel's evaluation, Travelers acted unreasonably.

39.    At all relevant times, Travelers knew or should have known that the Underlying Action presented a substantial risk of covered liability and that the claims asserted against New Beach Front exposed it to a judgment and/or settlement within or in excess of policy limits.

40.    Despite that knowledge, Travelers failed and refused to accept coverage, provide a defense, reimburse defense costs, fund settlement, or otherwise protect New Beach Front's interests. A true and accurate copy of Travelers' April 22, 2026 denial is attached hereto as **Exhibit G**.

41.    Travelers' failure to investigate and evaluate coverage in good faith, its refusal to defend with or without a reservation of rights, its failure to reimburse defense fees and costs, its failure to reasonably respond to settlement opportunities, and its continued refusal to honor its obligations under the Policy constitute breaches of contract and breaches of the implied covenant of good faith and fair dealing.

42.    As a direct and proximate result of Travelers' conduct, New Beach Front has suffered and continues to suffer damages, including but not limited to attorneys' fees, defense costs, indemnity and settlement exposure, loss of policy benefits, consequential economic damages, and other damages according to proof.

43.    An actual, present, and justiciable controversy exists between New Beach Front and Travelers concerning their respective rights and obligations under the Policy, including but not limited to whether Travelers owed and owes duties to defend, reimburse, indemnify, and reasonably fund or contribute to settlement of the Underlying Action and the OMC cross-complaint.

# FIRST CAUSE OF ACTION

## (Breach of Contract – Failure to Defend)

## (By Plaintiff and Against TRAVELERS)

44.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 43 above as though fully set forth herein.

45.   The Policy is a valid and enforceable written contract between Plaintiff and Defendant Travelers.

46.   Under the terms of the Policy, Travelers agreed, among other things, to defend Plaintiff against any "suit" seeking damages because of "bodily injury," "property damage," or "personal injury" to which the Policy potentially applies.

47.   The Underlying Action and the related OMC cross-complaint alleged facts and claims including, but not limited to, allegations of bodily injury, property damage, nuisance, constructive eviction, and interference with the right of private occupancy that, at minimum, potentially fall within the coverage afforded by the Policy, thereby triggering Travelers' immediate and complete duty to defend.

48.   Plaintiff timely tendered the defense of the Underlying Action and the OMC cross-complaint to Travelers and otherwise satisfied all conditions, covenants, and obligations required under the Policy, except those excused, waived, or prevented by Travelers' conduct.

49.   Travelers breached the Policy by failing and refusing to accept the defense of Plaintiff in the Underlying Action and the OMC cross-complaint.

50.   Travelers further breached the Policy by failing to conduct a reasonable and adequate investigation of the claims, failing to properly evaluate the allegations and known facts giving rise to a potential for coverage, and failing to defend Plaintiff under a reservation of rights.

51.   As a direct and proximate result of Travelers' breach, Plaintiff has been forced to retain counsel and incur substantial attorneys' fees, defense costs,

expert fees, other litigation-related expenses, and further to undertake reasonable mitigation efforts including settlement of the Underlying Action in connection with the defense of the Underlying Action and the OMC cross-complaint. Any and all mitigation efforts and settlement were directly caused by Travelers' failure to defend.

52. Travelers has failed and refused to reimburse Plaintiff for any such defense fees and costs from the date of tender forward, despite its contractual obligation to do so.

53. As a further direct and proximate result of Travelers' breach, Plaintiff has suffered and continues to suffer damages, including but not limited to defense costs, consequential economic damages, loss of policy benefits, and other damages according to proof.

## SECOND CAUSE OF ACTION

### Breach of Contract – Failure to Settle/Indemnify

### (By Plaintiff and Against TRAVELERS)

54. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 53 above as though fully set forth herein.

55. Under the terms of the Policy, Travelers agreed, among other things, to indemnify Plaintiff for covered sums that Plaintiff became legally obligated to pay as damages because of "bodily injury," "property damage," and/or "personal injury" covered by the Policy.

56. The claims asserted against Plaintiff in the Underlying Action and the OMC cross-complaint created, at minimum, covered or potentially covered indemnity exposure under the Policy.

57. During the course of the Underlying Action, Plaintiff was presented with a reasonable and time-limited opportunity to resolve the claims asserted

against it, including but not limited to a March 23, 2026 settlement demand within Travelers' policy limits.

58.    Plaintiff requested and demanded that Travelers acknowledge coverage, indemnify Plaintiff, and fund or contribute to settlement of the claims asserted against Plaintiff in the Underlying Action.

59.    Travelers breached the Policy by failing and refusing to acknowledge and accept coverage, indemnify Plaintiff for covered loss, fund or contribute to settlement, and/or otherwise honor its contractual obligations to protect Plaintiff against covered liability. At the time of Plaintiff's receipt of the time-limited demand, Travelers knew or should have known that there were sufficient facts alleged against its insured that would warrant settlement within policy limits under both the general conditions of the Policy, as such claim fell within the definitions of bodily injury, property damage, and occurrence, as well as the personal injury section of the Policy given the allegations of uninhabitable conditions causing an interference with plaintiff's tenancy in the Underlying Action.

60.    Plaintiff has performed all conditions, covenants, and obligations required of it under the Policy, except those excused, waived, prevented, or otherwise discharged by Travelers' conduct.

61.    As a direct and proximate result of Travelers' breach, Plaintiff has suffered and continues to suffer damages, including but not limited to indemnity exposure, settlement exposure, consequential economic damages, loss of policy benefits, and other damages according to proof. Travelers' failure to defend the Underlying Action placed Plaintiff in the untenable position of either incurring additional defense fees and costs or, in the alternative, to settle with plaintiff in the Underlying Action. As such, Travelers' failure to defend was the proximate cause of Plaintiff's mitigation of its liability by settling the Underlying Action so as to avoid unnecessary, protracted fees and costs.

62. Plaintiff has been damaged in an amount in excess of the jurisdictional minimum of this Court, in an amount to be established according to proof.

## THIRD CAUSE OF ACTION

**Breach of the Implied Covenant of Good Faith and Fair Dealing – Failure to Defend**

**(By Plaintiff and Against TRAVELERS)**

63. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 62 above as though fully set forth herein.

64. The Policy contained an implied covenant of good faith and fair dealing pursuant to which Travelers was obligated to act fairly and in good faith toward Plaintiff and not to do anything to deprive Plaintiff of the benefits of the Policy.

65. Among other things, Travelers was obligated to promptly, fairly, and reasonably investigate Plaintiff's tender, evaluate the allegations and known facts in good faith, give at least equal consideration to Plaintiff's interests, and provide a defense where the Underlying Action and OMC cross-complaint created at minimum a potential for coverage.

66. Plaintiff is informed and believes, and on such basis alleges that the Defendant breached its obligation to act fairly and in good faith towards Plaintiff by committing, among other things, the following acts and omissions:

a. Unreasonably refusing to immediately defend Plaintiff in the Action after receipt of tender thereof and repeated communications from Plaintiff to Defendant thereafter;

b. Failing to conduct a reasonable investigation and unreasonably withholding monetary payment of the defense;

c. Causing Plaintiff severe financial hardship by refusing to defend;

d.      Failing to give a reasonable interpretation to the provisions of the Policy, failing to reasonably apply provisions of the Policy to the claims, and unreasonably refusing to acknowledge that the claims asserted against Plaintiff in the Action were and are potentially covered, and failing to timely, promptly and without delay, pay for the reasonable and necessary defense incurred after the tender;

e.      Failing to provide Plaintiff with any reasonable or justifiable basis for the decision to deny and/or delay the actual participation of the defense of the Action;

f.      Interpreting the provisions of the policy and the factual circumstances so as to resolve ambiguities and uncertainties against Plaintiff and to favor its own economic interests;

g.      Misrepresenting the insurance policy provisions;

h.      Embarking on a course of conduct and pattern and practice, whereby the Defendant would fail and/or refuse to respond to tenders made by or on behalf of Plaintiff and/or to acknowledge the defense obligation owed to Plaintiff and/or to participate in the mounting and funding of the defense of Plaintiff with respect property damage and/or bodily injury claims arising, in whole or in part, out of the work performed on Plaintiff's behalf by the Defendant insured, including without limitation the Action;

i.      Continuing to pursue such course of conduct and pattern and practice after California case law established the immediacy of the defense obligation owed to an insured and where the duty to defend is based on the mere potentiality of coverage.  The Defendant has disobeyed clear legal precedent in a known manner in clear and conscious disregard to Plaintiff's rights;

j.      Continuing to pursue such course of conduct and pattern and practice of not providing any reasonable basis to delay, reject, or deny the defense tendered and requested, as well as the refusal of Defendant to immediately assume the defense upon tender of a potentially covered claim, and the importance of an

insurer's obligation to defend its insured immediately upon tender of defense. At all material times, Travelers refused to acknowledge and recognize that the plaintiff in the Action was seeking damages associated with and related to the wrongful entry and interference with the plaintiff's right of occupancy caused by, among other things, repeated water intrusion, leaks, and other problems associated with plumbing that rendered the property uninhabitable;

k.      Continuing to pursue such course of conduct and pattern and practice after publication of, and notwithstanding the ruling of the California Supreme Court in *Buss v. Superior Court* (1997) 16 Cal.4th 35, where the California Supreme Court emphasized to California insurers the importance of the defense obligation, the entirety of the defense obligation and the immediacy of the defense obligation;

l.      Pursuing such a course of conduct and pattern and practice, notwithstanding the terms of the Policies imposing a duty to immediately defend potentially covered claims asserted against the insured, notwithstanding repeated advisements of the California Supreme Court over the last thirty years of the breadth of the defense obligation, the immediacy of the defense obligation upon tender and the need to defend by funding of the defense, and notwithstanding repeated advisements of California Courts regarding the public policies supporting the obligation of an insurer to provide its insured an immediate defense; and

m.      Pursuing such a course of conduct and pattern and practice in violation of the terms of the Policy and California law with the knowledge, understanding, consent and approval of the defendant insurers' respective managing officers, directors, agents and employees.

67.    The foregoing acts and omissions were unreasonable, malicious, fraudulent, oppressive and despicable.

68. The respective officers, directors and/or managing agents and/or employees of the Defendant participated in, authorized and/or ratified the wrongful conduct of said Defendant as alleged above.

69. As a result of the bad faith conduct of the Defendant in this matter, Plaintiff has incurred substantial attorneys' fees, costs and expenses in defense, mitigation, investigation and settlement and other costs and expenses in response to the Action and has been required to bring this Complaint to enforce its rights as a named insured under the policies mentioned herein. Plaintiff is entitled to recover as damages against each of the Defendant, all the aforementioned fees, costs and expenses which it has incurred as a result of the Action, together with interest thereon. Plaintiff has suffered damages and will continue to suffer damages within the jurisdiction of this Court, according to proof.

70. Plaintiff is further entitled to recover as damages against Defendant, all fees, expenses and costs incurred in this action to enforce its rights under the insurance Policy, plus interest thereon, according to proof.

71. The above described conduct of Defendant has been and continues to be unreasonable, capricious and arbitrary, and constitutes breach of the covenant of good faith and fair dealing contained in each and all of the insurance policies referred to above in this Complaint. The above-described conduct further constitutes malicious, oppressive and despicable conduct and conscious disregard of Plaintiff's rights, and stems from improper and evil motives, including Defendant' desire to reduce or avoid their obligations to Plaintiff, so as to justify an award of punitive and exemplary damages.

/ / /

/ / /

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing - Failure to Settle/Indemnify

### (By Plaintiff and Against TRAVELERS)

72.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 71 above as though fully set forth herein.

73.     The Policy contained an implied covenant of good faith and fair dealing pursuant to which Travelers was obligated to act fairly and in good faith toward Plaintiff and not to do anything to impair, interfere with, or deprive Plaintiff of the benefits of the Policy, including the benefits of indemnity protection and reasonable settlement protection.

74.     At all relevant times, Travelers was obligated to promptly, fairly, and reasonably investigate Plaintiff's claim for coverage, evaluate indemnity and settlement exposure in good faith, give at least equal consideration to Plaintiff's interests, and take reasonable steps to protect Plaintiff from covered liability and loss.

75.     Plaintiff performed all conditions, covenants, and obligations required of it under the Policy, except those excused, waived, prevented, or otherwise discharged by Travelers' conduct.

76.     Travelers breached the implied covenant of good faith and fair dealing by, among other things, engaging in the following acts and omissions:

a.     Unreasonably failing to timely and unequivocally confirm to Plaintiff that Defendant would acknowledge the existence and the validity of coverage under the Policy for each of the claims asserted against Plaintiff in the Action and fully indemnify Plaintiff for such claims;

b.    Unreasonably failing to timely agree to pay its of all indemnity obligations arising from the Action where settlement obligations of Defendant required Defendant to pay such damages;

c.    Inclusive in Defendant's obligation to act fairly and in good faith to Plaintiff is the Defendant's duty to properly and reasonably investigate claims against Plaintiff and to make reasonable coverage decisions. The Defendant breached its respective obligations to act fairly and in good faith toward Plaintiff by delaying the investigation, evaluation and confirmation of the coverage obligation, by ignoring or failing to or refusing to respond to Plaintiff's tender of the Action and Plaintiff's repeated advisements thereafter and/or by acknowledging the obligation to Plaintiff under the Policy referenced herein, but refusing to comply with such obligations by refusing to participate in, fund or otherwise contribute to settlement of the Action;

d.    The Defendant's refusal to provide proper settlement authority owed to Plaintiff under the Policy, even though it was reasonably clear that the claims in the Action were covered by the subject insurance Policy, has compelled Plaintiff to engage legal counsel and to initiate this Complaint to recover such indemnity benefits owed and to compel the Defendant to honor its obligations under the insurance policies;

e.    Improperly relying on a narrow and self-serving characterization of the Underlying Action as involving only mold, fungi, bacteria, asbestos, or otherwise excluded conditions while ignoring the independent allegations and covered theories of liability asserted against Plaintiff;

f. Failing to reasonably investigate, evaluate, and account for the allegations and known facts giving rise to covered or potentially covered settlement and indemnity exposure;

g. Placing Travelers' own financial interests above the interests of Plaintiff and failing to give at least equal consideration to Plaintiff's interests; and

h. Forcing Plaintiff to remain exposed to avoidable settlement, indemnity, and litigation harm despite the existence of a reasonable opportunity to resolve the Underlying Action within policy limits.

77. Plaintiff is informed and believes and thereon alleges that the Defendant's refusal and denial through their respective officers, directors and/or managing agents of their duties to indemnify Plaintiff under its Policy was willful, malicious, intentional, and was done with the intent to oppress Plaintiff and with conscious disregard for Plaintiff's rights under the insurance Policy. The Defendant's willful, malicious and oppressive conduct as hereinabove alleged was engaged in solely to satisfy their profit motives and corporate financial income objectives, to the detriment of Plaintiff. This motive was evidenced by the Defendant's adversarial approach to Plaintiff's claims from the time they were made and their alignment with the interests of their own companies and not the interests of Plaintiff as a named insured under the Policies.

78. Plaintiff is entitled to recover as damages against the Defendant, inclusive, all fees, expenses and costs incurred in this action to enforce their rights under the insurance policy, plus interest thereon, according to proof.

79. The above described conduct of the Defendant has been and continues to be unreasonable, capricious and arbitrary, and constitutes breach of the covenant of good faith and fair dealing contained in each and all of the insurance policies referred above in this Complaint. The above-described conduct further constitutes malicious, oppressive and despicable conduct and conscious disregard of Plaintiff's rights, and stems from improper and evil motives, including the Defendant desire to reduce or avoid their obligations to Plaintiff, so as to justify an award of punitive and exemplary damages.

/ / /

/ / /

/ / /

## FIFTH CAUSE OF ACTION

### Declaratory Relief

### (By Plaintiff and Against TRAVELERS)

80.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 79 above as though fully set forth herein.

81.     An actual, present, and justiciable controversy exists between Plaintiff and Defendant Travelers concerning their respective rights and obligations under the Policy.

82.     Plaintiff contends that Travelers owed and owes duties under the Policy to defend Plaintiff in the Underlying Action and the related OMC cross-complaint, reimburse Plaintiff for all defense fees and costs incurred from the date of tender forward, indemnify Plaintiff for settlement of the Underlying Action, and reasonably fund or contribute to settlement of the claims asserted against Plaintiff.

83.     Plaintiff further contends that the allegations and known facts in the Underlying Action and the OMC cross-complaint created, at minimum, a potential for coverage under the Policy, thereby triggering Travelers' defense obligations and related contractual and extra-contractual duties.

84.     Plaintiff is informed and believes, and thereon alleges, that Travelers disputes and denies those contentions and contends that it owed and owes no such obligations, in whole or in part.

85.     A judicial declaration is therefore necessary and appropriate to determine the rights and obligations of Plaintiff and Travelers under the Policy, including but not limited to a declaration that:

a.     Travelers owed and owes Plaintiff a duty to defend the Underlying Action and the OMC cross-complaint from date of initial tender through conclusion of the Action given the absence of Travelers providing

undeniable evidence of the absence of any possibility of coverage with respect to the Underlying Action and OMC cross-complaint;

b.   Travelers owed and owes Plaintiff reimbursement of defense fees and costs incurred from the date of tender forward;

c.   Travelers owed and owes Plaintiff contractual obligations with respect to indemnity and settlement under the Policy;

d.   Travelers' denial of coverage and refusal to defend, reimburse, indemnify, and reasonably settle the claims asserted against Plaintiff were wrongful; and

e.   Travelers' conduct was unreasonable, entitling Plaintiff to *Brandt* fees – reimbursement of attorney's fees in securing coverage unreasonably withheld with respect to the duty to defend and/or the duty to indemnify or settle.

86.   Plaintiff seeks a judicial declaration of the parties' rights and obligations so that Plaintiff may ascertain and enforce its rights under the Policy and obtain relief from Travelers' continuing denial of coverage.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

### ON THE FIRST AND SECOND CAUSES OF ACTION

1. For compensatory damages according to proof, but in an amount within the jurisdiction of this Court;

2. For attorney's fees and costs, according to proof;

### ON THE THIRD AND FOURTH CAUSES OF ACTION

3.   For compensatory damages according to proof, but in an amount within the jurisdiction of this Court;

4.    For attorney's fees and costs of suit in obtaining the benefits owed under the Policy, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, according to proof;

5.    For punitive and exemplary damages according to proof;

### ON THE FIFTH CAUSE OF ACTION

6.    For a declaratory judgment that Defendant who issued the insurance Policy referred to in this Complaint must provide a complete defense to Plaintiff as to the claims asserted in the Action and to fully indemnify Plaintiff up to policy limits for any settlement, award or judgment;

### ON ALL CAUSES OF ACTION

8.    For costs of suit herein; and

9.    For all such other and further relief as the Court may deem just and proper.

Dated: May 13, 2026            **JOSEPH OLIVA & ASSOCIATES, P.C.**

By:      */s/ Joseph L. Oliva*
Joseph L. Oliva, Esq.
Matthew R. Toothacre, Esq.
Attorneys for Plaintiff,
NEW BEACH FRONT
WATERFORD DOVER JV, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rule of Civil Procedure.

Dated: May 13, 2026

**JOSEPH OLIVA & ASSOCIATES, P.C.**

By:     _/s/ Joseph L. Oliva_
         Joseph L. Oliva, Esq.
         Matthew R. Toothacre, Esq.
         Attorneys for Plaintiff,
         NEW BEACH FRONT
         WATERFORD DOVER JV, LLC

## TABLE OF EXHIBITS

| EXHIBIT A | TRAVELERS POLICY |
|---|---|
| EXHIBIT B | SECOND AMENDED COMPLAINT |
| EXHIBIT C | OMC A, LLC'S CROSS COMPLAINT |
| EXHIBIT D | TRAVELERS' MAY 24, 2021 DENIAL |
| EXHIBIT E | TRAVELERS' JUNE 30, 2021 DENIAL |
| EXHIBIT F | TRAVELERS' FEBRUARY 9, 2022 DENIAL |
| EXHIBIT G | TRAVELERS' APRIL 22, 2026 DENIAL |